IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW W. JENNINGS,<br>       Plaintiff,<br>v.<br><br>BRYN AND DANE'S GLOBAL, INC.<br>d/b/a BRYN AND DANE'S, LLC<br>and BRYN DAVIS,<br>       Defendants. | :<br>:<br>: Civil Action No:<br>:<br>:<br>: **COMPLAINT -**<br>: **JURY TRIAL DEMANDED**<br>: |

Plaintiff Andrew W. Jennings, by and through his counsel The Vigilante Law Firm, P.C., and by way of Complaint against Defendants, avers and says:

## INTRODUCTION

Plaintiff Andrew W. Jennings brings this action for damages against Defendants Bryn and Dane's Global, LLC d/b/a Bryn and Dane's, LLC and Bryn Davis (hereafter "Defendants") to redress the deprivation of civil rights secured to him by the Americans With Disabilities Act (hereafter "ADA"), 42 U.S.C. §12101, *et seq.*, the Family Medical Leave Act (hereafter "FMLA"), 29 U.S.C. §2601, *et seq*., and the Pennsylvania Human Relations Act (hereafter "PHRA"), 43 P.S. §951, *et seq.,* while he was an employee of Defendants.  As a result of Defendants' conduct, Plaintiff suffered humiliation, embarrassment, emotional distress, stress and anxiety, and loss of compensation.  Plaintiff seeks back pay, front pay, and punitive damages.  Plaintiff also seeks an award of reasonable attorneys' fees and costs of suit to the extent permitted under the law.

## JURISDICTION AND VENUE

1.	This action is initiated pursuant to 42 U.S.C. §2000e, 28 U.S.C. §1331 and 28 U.S.C. §1343.  This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with the Commonwealth of Pennsylvania and the Eastern District of

Pennsylvania are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

2. This Court may properly maintain original subject-matter jurisdiction over the within action pursuant to 28 U.S.C. §1331 and §1343 because it arises under the laws of the United States and seeks redress for violations of civil rights. This Court has jurisdiction over Plaintiff's PHRA claims pursuant to 28 U.S.C. §1367.

3. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b)(1)-(2) because the Defendants regularly conduct business in this judicial district and because all of the acts and/or omissions giving rise to Plaintiff's claims set forth herein occurred in this judicial district. Plaintiff was working within the Eastern District of Pennsylvania at the time of the unlawful actions set forth herein.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. On or about December 12, 2017, Plaintiff filed a Charge of Discrimination with the Philadelphia District Office of the Equal Employment Opportunity Commission (hereafter, "EEOC") under Charge No. 530-2-18-01816, which was cross-filed with the Pennsylvania Human Relations Commission.

5. On or about March 19, 2018, the EEOC issued Plaintiff a Notice of Right to Sue for the above charges, which Plaintiff received on or about March 21, 2018.

## PARTIES

6. Plaintiff Andrew W. Jennings is an adult individual residing in the City of Flourtown and County of Montgomery, Commonwealth of Pennsylvania.

**7.**     Defendants Bryn and Dane's Global Inc. d/b/a Bryn and Dane's LLC is a corporation organized and doing business under the laws of the Commonwealth of Pennsylvania with its principal office located at 115 Plymouth Road #1, Town of Plymouth Meeting, County of Montgomery, Commonwealth of Pennsylvania.

8.     Defendants Bryn and Dane's, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with a principal office located at 115 Plymouth Road, Suite No. 1, Plymouth Meeting, Pennsylvania.

9.     Defendant Bryn Davis is an adult individual residing in the Commonwealth of Pennsylvania who owns, operates and manages Bryn and Danes Global, LLC d/b/a Bryn and Danes, LLC and who was at all times relevant hereto Plaintiff's supervisor.

## FACTUAL BACKGROUND

10.     In or about May 2015, Plaintiff began employment as a General Manager at Bryn and Dane's flagship restaurant in Plymouth Meeting, Pennsylvania.

11.     Thereafter, Plaintiff was promoted twice, once to the position of District Manager and later to the position of Director of Franchising.

12.     With each promotion, Plaintiff's salary was increased.

13.     At all times relevant hereto, Plaintiff performed all duties of his job and additional duties as assigned to him from time-to-time in a manner which met or exceeded the expectations of Defendants.

14.     As part of his duties, Plaintiff was involved with the trial opening of a new Bryn & Dave's location in Bryn Mawr, Pennsylvania.

15.     Following the trial opening of the Bryn Mawr location, technology issues were experienced which resulted in the closing of the location for a brief period.

16. In or about June 2017 at meeting with the owners and directors of Defendants following the closing of the Bryn Mawr location, Plaintiff disclosed to Defendant Bryn Davis and others he suffered from bi-polar disorder. He informed them he was treating for the condition and his medication had recently been changed.

17. At the meeting, Plaintiff explained to Defendant Bryn Davis and others his medication affected his personality and was causing weight loss. He requested the Defendants' support and understanding during his medication change.

18. At the meeting, Defendants including Bryn Davis expressed support for Plaintiff in disclosing his disability.

19. In early July 2017, within a week or so of the aforesaid meeting, Defendant Bryn Davis communicated with Plaintiff *via* email asking Plaintiff if he, "wanted to pump the brakes" on franchising or accept a demotion to a position as District Manager.

20. After the issuance of the email, Defendants changed Plaintiff's work schedule, reduced his job responsibilities and assigned him menial tasks below that of a Director of Franchising.

21. On or about July 14, 2017 and after disclosing his disability, Plaintiff was informed by Defendant Bryn Davis by email he was being placed on a one hundred twenty (120) day unpaid leave of absence, "to get himself together." The following day, Plaintiff's access to his company email was terminated, and he was required to return his company cell phone.

22. The administrative leave imposed upon Plaintiff by Defendants was discriminatory and amounted to a constructive discharge.

23. At all times relevant hereto, Plaintiff was actively treating his bi-polar disorder with medication and was able to perform all of the essential functions of his job with or without accommodation.

24. At all times relevant hereto, Plaintiff is and was a qualified individual with a disability.

25. At all times hereto, Defendants were aware of Plaintiff's disability.

26. Defendants never recalled Plaintiff to work and never followed up with Plaintiff after placing him on unpaid leave.

27. As a direct and proximate result of the Defendants' unlawful conduct, Plaintiff suffered severe emotional distress, humiliation, embarrassment, loss of life's enjoyment, as well as lost wages and future lost wages.

28. At all times relevant hereto, Defendants had fifty (50) or more employees.

29. At all times relevant hereto, Plaintiff was a covered employee under the FMLA having worked in excess of 1,250 hours in the twelve (12) months preceding his leave and termination.

## COUNT I
### DISABILITY DISCRIMINATION PURSUANT TO TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12111-12117

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. Plaintiff is a person with a disability within the meaning of the ADA as he suffers from a physical and/or mental impairment that substantially limits one or more major life activities and/or has a record of having such impairment.

32. Defendants are covered entities and persons within the meaning of the ADA.

33. Plaintiff is and was qualified to perform all of the essential functions of the Director of Franchising position with or without reasonable accommodations by Defendants.

34. As fully set forth above, Plaintiff suffered an adverse employment decision as a result of discrimination when Defendants changed the terms and conditions of his job, including his schedule and the assignment of menial tasks, and later placed on Plaintiff on an unpaid leave of absence, effectively discharging him from employment.

35. The reasons, if any, offered for Defendant's actions are pretext.

36. Plaintiff suffered damages as a result of the Defendants' intentional discrimination.

37. Defendants' actions were willful and wanton and exhibit malice and/or reckless indifference to Plaintiff's rights under the ADA, and Plaintiff is therefore entitled to receive punitive damages.

WHEREFORE, Plaintiff Andrew W. Jennings respectfully requests this Court enter a judgment in his favor against Defendants Bryn and Dane's Global, LLC d/b/a Bryn and Dane's, LLC and Bryn Davis, as follows:

(a) Awarding Plaintiff back wages and future wage loss;

(b) Awarding Plaintiff compensatory damages;

(c) Awarding Plaintiff punitive damages;

(d) Reinstating Plaintiff to his position as Director of Franchising;

(e) Awarding attorneys' fees and costs of suit;  and

(f) Granting such other relief as the Court deems necessary and appropriate.

**COUNT II**
**DISABILITY DISCRIMINATION PURSUANT TO TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12111-12117**
**TERMINATION**

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. Plaintiff is a person with a disability within the meaning of the ADA as he suffers from a physical and/or mental impairment that substantially limits one or more major life activities, and/or has a record of having such impairment.

40. Defendants are covered entities and persons within the meaning of the ADA.

41. Plaintiff was constructively discharged from his employment by Defendants on the basis of his disability.

42. Plaintiff was fulfilling Defendants' legitimate expectations at the time of discharge.

43. The reasons, if any, offered for Plaintiff's termination are pretext.

44. Plaintiff suffered damages as a result of the Defendants' intentional discrimination.

45. Defendants' actions were willful and wanton and exhibit malice and/or reckless indifference to Plaintiff's rights under the ADA, and Plaintiff is therefore entitled to receive punitive damages.

WHEREFORE, Plaintiff Andrew W. Jennings respectfully requests this Court enter a judgment in his favor against Defendants Bryn and Dane's Global, LLC d/b/a Bryn and Dane's, LLC and Bryn Davis, as follows:

(a) Awarding Plaintiff back wages and future wage loss;

(b) Awarding Plaintiff compensatory damages;

(c)     Awarding Plaintiff punitive damages;

(d)     Reinstating Plaintiff to his position as Director of Franchising;

(e)     Awarding attorneys' fees and costs of suit; and

(f)     Granting such other relief as the Court deems necessary and appropriate.

## COUNT III
## DISABILITY DISCRIMINATION IN VIOLATION OF
## THE PENNSYLVANIA HUMAN RELATIONS ACT, 43 P.S. §951, *et seq.*

46.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47.     Plaintiff is a covered employee within the meaning of the PHRA.

48.     Defendants are covered entities and persons within the meaning of the PHRA.

49.     Plaintiff is a person with a disability within the meaning of the PHRA, as he suffers from a physical and/or mental impairment that substantially limits one or more major life activities, and has a record of having such impairment.

50.     Plaintiff is and was qualified to perform all of the essential functions of the Director of Franchising position with or without reasonable accommodations by Defendants.

51.     As fully set forth herein, Plaintiff suffered an adverse employment decision as a result of discrimination when Defendants changed the terms and conditions of his job, including his schedule and the assignment of menial tasks and later placed on a one hundred twenty (120) day unpaid leave of absence, effectively discharging him from employment.

52.     The reasons, if any, offered for Plaintiff's termination are pretext.

53.     Plaintiff suffered damages as a result of the Defendants' intentional discrimination.

WHEREFORE, Plaintiff Andrew W. Jennings respectfully requests this Court enter a judgment in his favor against Defendants Bryn and Dane's Global, LLC d/b/a Bryn and Dane's, LLC and Bryn Davis, as follows:

(a) Awarding Plaintiff back wages and future wage loss;

(b) Awarding Plaintiff compensatory damages;

(c) Reinstating Plaintiff to his position as Director of Franchising;

(d) Awarding attorneys' fees and costs of suit; and

(e) Granting such other relief as the Court deems necessary and appropriate.

## COUNT IV
## DISABILITY DISCRIMINATION IN VIOLATION OF THE
## PENNSYLVANIA HUMAN RELATIONS ACT, 43 P.S. §951, *et seq.* - TERMINATION

54. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

55. Plaintiff is a covered employee within the meaning of the PHRA.

56. Plaintiff is a person with a disability within the meaning of the PHRA as he suffers from a physical and/or mental impairment that substantially limits one or more major life activities, and/or has a record of having such impairment.

57. Defendants are covered entities and persons within the meaning of the PHRA.

58. Plaintiff was discharged from his employment on the basis of his disability.

59. Plaintiff was fulfilling Defendants' legitimate expectations at the time of discharge.

60. The reasons, if any, offered for Plaintiff's termination are pretext.

61. Plaintiff suffered damages as a result of the Defendants' intentional discrimination.

WHEREFORE, Plaintiff Andrew W. Jennings respectfully requests this Court enter a judgment in his favor against Defendants Bryn and Dane's Global, LLC d/b/a Bryn and Dane's, LLC and Bryn Davis, as follows:

(a) Awarding Plaintiff back wage and future wage loss;

(b) Awarding Plaintiff compensatory damages;

(c) Reinstating Plaintiff to his position as Director of Franchising;

(d) Awarding attorneys' fees and costs of suit; and

(e) Granting such other relief as the Court deems necessary and appropriate.

## COUNT V
## VILATIONS UNDER THE FAMILY MEDICAL LEAVE ACT, 29 U.S.C. 2601

62. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

63. At all times relevant hereto, Plaintiff was an eligible employee under the FMLA.

64. To the extent any leave of absence was appropriate for the care or treatment of a serious illness, Defendants failed to designate such leave as leave protected under the FMLA.

65. At all times relevant hereto, Defendants knew or had reason to know Plaintiff's leave was for an FMLA-qualifying reason.

66. At the conclusion of his unpaid leave, Plaintiff was entitled to be restored by Defendants to the position of employment he held when the leave commenced, or to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment as per 29 U.S.C. §6214 (a)(1)(A)-(B).

67. Plaintiff's rights under the FMLA were intentionally violated when Defendants:

    a. Failed to provide general written notice of rights under the FMLA in any form;

    b. Forced Plaintiff on an unpaid 120-day leave without designating any or part of it

      as protected leave under the FMLA ;

  c. Failed to provide Plaintiff with an Eligibility Notice for the leave of absence;

  d. Failed to provide Plaintiff with a Rights and Responsibilities Notice with respect to the leave;

  e. Failed to designate Plaintiff's leave of absence as FMLA Leave and to provide a designation notice to Plaintiff;

  f. Failed to continued Plaintiff's benefits during the period of leave.

68. As a direct result of Defendants' willful and unlawful actions in violation of the FMLA, Plaintiff has sustained loss of employment and loss of compensation, and suffered humiliation, embarrassment, emotional distress, stress and anxiety.

WHEREFORE, Plaintiff Andrew W. Jennings respectfully requests this Court enter a judgment in his favor against Defendants Bryn and Dane's Global, LLC d/b/a Bryn and Dane's, LLC and Bryn Davis, as follows:

  (a) Awarding Plaintiff front and back wages;

  (b) Awarding Plaintiff compensatory damages;

  (c) Awarding Plaintiff liquidated damages;

  (d) Awarding attorneys' fees and costs of suit;

  (e) Granting such other relief as the Court deems necessary and appropriate.

/s/     Jacqueline M. Vigilante
Jacqueline M. Vigilante, Esquire
Attorney I.D. No. 54033
The Vigilante Law Firm, P.C.
99 North Main Street
Mullica Hill, NJ 08062
jacci@thevigilantelawfirm.com
856-223-9990
*Attorneys for Plaintiff*

Date: June 6, 2018

11

## JURY DEMAND

Plaintiff Andrew W. Jennings hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Jacqueline M. Vigilante, Esquire of The Vigilante Law Firm, P.C. is hereby designated as counsel for Plaintiff at the time of trial in this matter.

Date:  June 6, 2018

/s/      Jacqueline M. Vigilante
Jacqueline M. Vigilante, Esquire
Attorney I.D. No. 54033
The Vigilante Law Firm, P.C.
99 North Main Street
Mullica Hill, NJ 08062
jacci@thevigilantelawfirm.com
856-223-9990
*Attorneys for Plaintiff*